**WINSTAR COMMUNICATIONS, LLC and Winstar of New York, LLC, Plaintiffs–Appellants,**

v.

**EQUITY OFFICE PROPERTIES, INC., Building Owners and Managers Association of New York, Spectrasite Building Group, Inc., Crescent Real Estate Equities Co. and Prestonwood Tower–Dallas, Inc., Defendants–Appellees,**

Colonnade Properties, LLC, Taylor Simpson Capital Management, LP, Boxes Property Management Corp., Arden Realty, Inc., LLC, BGK Properties, Inc., Rossmor Partners, LLC, Watt Property Management, Inc., Brit Limited Partnership, Beco Management, Inc., Mac Management Company, Inc., Barnard Partners VII, Ltd., 510 Marquette Property, Inc., 520 Marquette Property, Inc., Baumann Raymondo & Co., the Prospect Co., W & A, LLC, The Chancery Sentinel, LLC, Diamond Hill Operating Associates, LP, One River Plaza Co., an Ohio Limited Partnership, Shorenstein Company, LLC, and Hines Corporate Properties, LLC., Defendants.

No. 05–0919–CV.

United States Court of Appeals, Second Circuit.

March 8, 2006.

Glenn B. Manishin, Kelley Drye & Warren LLP (Joseph D. Wilson, III, Vienna, VA; Robert E. Crotty and Anjna R. Kapoor, New York, NY; Stephanie A. Joyce, Washington, DC; Joseph A. Boyle and Paul L. Kattas, Parsippany, NJ, of counsel), Vienna, VA, for Winstar Communications, LLC and Winstar of New York, LLC, for Appellant.

Steven M. Bierman, Sidley Austin Brown & Wood LLP (David F. Graham, Chicago, IL, of counsel), New York, NY, for Equity Office Properties Trust.

Clifford Thau, Vinson & Elkins L.L.P. (David R. Lurie and Hilary L. Preston, of counsel), New York, NY, for Crescent Real Estate Equities Co.

Mario Castellitto, Traub Eglin Lieberman Straus LLP, Hawthorne, NY, for Buiding Owners and Managers Association of New York.

PRESENT: Hon. JAMES L. OAKES, Hon. DENNIS JACOBS, and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 8th day of March, two thousand six.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Winstar Communications, LLC and Winstar of New York, LLC (collectively,

"Winstar") appeal from a judgment entered on January 25, 2005, in the United States District Court for the Southern District of New York (Wood, *J.*), dismissing Winstar's amended complaint with prejudice. Winstar brought this antitrust action, pursuant to sections 4 and 16 of the Clayton Act, alleging that defendants violated section 1 of the Sherman Act by conspiring to disadvantage Winstar in favor of incumbent competitors; Winstar further sought damages pursuant to the New York Donnelly Act. The district court held that Winstar failed to allege an antitrust injury, and, thus, lacked standing to bring the present suit. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews *de novo* a district court's dismissal under Rule 12(b)(6), Fed. R.Civ.P., and should affirm only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Connolly v. McCall,* 254 F.3d 36, 40 (2d Cir.2001).

This Court applies a two-pronged test to determine whether a plaintiff has antitrust standing: we determine (1) whether the plaintiff suffered an antitrust injury, and then (2) "whether any of the other factors, largely relating to the directness and identifiability of the plaintiff's injury, prevent the plaintiff from being an efficient enforcer of the antitrust laws." *Balaklaw v. Lovell,* 14 F.3d 793, 798 (2d Cir.1994) (citing *Todorov v. DCH Healthcare Authority,* 921 F.2d 1438, 1449 (11th Cir.1991)). An antitrust injury is defined as an injury "of the type the antitrust laws were intended to prevent and that flow from that which makes [a defendant's act] unlawful." *Brunswick Corp. v. Pueblo Bowl–O–Mat,*

429 U.S. 477, 489, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977); *see also Balaklaw,* 14 F.3d at 797. In any antitrust case (*per se* or rule of reason), a plaintiff must allege a competition-reducing effect on the relevant market. *See Atlantic Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 341–42, 110 S.Ct. 1884, 109 L.Ed.2d 333 (1990); *see generally* Daniel C. Richman, Antitrust Standing, Antitrust Injury, and the Per Se Standard, 93 Yale L.J. 1309, 1329.

Here, Winstar defines the relevant market as the "provision of telecommunications services to tenants in commercial buildings." But the injuries it alleges bear upon a different market—*i.e.,* the market for "building access"—and therefore are mere collateral effects on an individual participant or competitor in a secondary market. As such, Winstar's allegations lend no support to the charge that competition was restrained in the relevant market in which Winstar participated, a requirement of any antitrust suit. *See Brunswick,* 429 U.S. at 488, 97 S.Ct. 690 ("The antitrust laws ... were enacted for the protection of competition, not competitors." (internal quotation marks and citation omitted)); *see also Balaklaw,* 14 F.3d at 800 (citing *Standard Oil Co. of California v. United States,* 337 U.S. 293, 69 S.Ct. 1051, 93 L.Ed. 1371 (1949)) (same). Accordingly, because Winstar has failed to adduce facts of an antitrust injury to the relevant market, we agree with the district court that Winstar lacked standing to bring the present suit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**